## James M. Story *v.* Nathaniel C. Bishop.

The production by the plaintiff, on the trial of an assignment to himself, after due proof of the execution thereof by the assignor, is sufficient evidence of a delivery of such assignment.

This court has not a general discretionary power to order a new trial upon appeal from one of the lower courts, merely because it seems that the ends of justice would be thereby promoted.

Where both parties appear, and a trial is had, this court cannot reverse, except for error.

A justice has no authority, after a trial is commenced, to adjourn without the consent of both parties, unless it be found impossible to finish the trial within reasonable time for holding the court.

APPEAL by the defendant from a judgment of the Third District Court, in favor of the plaintiff, as the assignee of a claim. The facts bearing upon the points, raised in the case, are sufficiently indicated in the opinion.

*Lucius E. Bulkley*, for the defendant.

*Aaron Butler*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—Proof of the execution of the assignment to the plaintiff, followed by the production

of the assignment by the plaintiff, in his own possession, was *prima facie* evidence of due delivery to him. It is rarely necessary to prove the very act of manual tradition. Possession by the transferee, after due execution by the transferer, is *prima facie* sufficient.

The other ground of appeal, to wit, that the justice ought to have adjourned the trial on account of the illness of counsel, seems to be urged upon us under the idea that we have a discretionary power to order a new trial, if we think that the ends of justice will be thereby promoted. We have no such discretion. Where both parties appear, and a trial is had, we have no power to reverse, except for error.

The justice, as we have often before held, has no power to adjourn the cause after the trial has commenced, without the consent of parties, unless it is found impossible to finish the trial within the reasonable time for holding court. In this cause great indulgence was given to the defendant; four adjournments was granted at his request, and without objection by the plaintiff, after the plaintiff had rested. It would have been unreasonable, and, I think, erroneous, had the justice granted a further adjournment against the plaintiff's wishes.

The case was abundantly proved on the part of the plaintiff, and the judgment must be affirmed.

Judgment affirmed.